UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARIE HESSER** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | NO. |
| | * | |
| **CHOICE HOTELS INTERNATIONAL** | * | SECTION: |
| **SERVICES CORP. D/B/A CLARION INN AND** | * | |
| **SUITES, CENTURY WILSHIRE, INC. D/B/A** | * | JUDGE: |
| **CLARION INN AND SUITES, CENTURY** | * | |
| **SURETY CO., ABC INS. CO. & XYZ INS. CO.** | * | MAGISTRATE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, come Plaintiff, Marie Hesser, a person of the age of majority and resident and domiciliary of Payne County, State of Oklahoma, hereby allege as follows:

1.

This Court has jurisdiction pursuant to 28 U.S.C. 1332 because the real parties in interest are citizens of different states and the amount in controversy exceeds SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS exclusive of costs and interest. VENUE is proper because this action arises within the jurisdiction of the Eastern District of Louisiana.

2.

Made Defendants are as follows:

A.  CHOICE HOTELS INTERNATIONAL SERVICES CORP., doing business as CLARION INN AND SUITES (hereinafter sometimes referred to as "CLARION"), a foreign business corporation with a business establishment located at 501 N. Highway 190, Covington, Louisiana 70433, and at all times relevant hereto authorized to do and doing business in the Parish of St. Tammany, State of Louisiana;

B.  CENTURY WILSHIRE, INC., doing business as CLARION INN AND SUITES,

upon information and belief is the owner and/or franchisee of the hotel and conference center business establishment located at 501 N. Highway 190, Covington, Louisiana 70433 and at all times relevant hereto authorized to do and doing business in the Parish of St. Tammany, State of Louisiana;

C. CENTURY SURETY COMPANY, a foreign liability insurance corporation authorized to do and doing business at all times relevant hereto in the Parish of St. Tammany, State of Louisiana;

D. ABC INSURANCE COMPANY, the fictitious name of an unknown domestic or foreign general liability insurance company authorized to do and doing business at all times relevant hereto in the Parish of St. Tammany, State of Louisiana.

E. XYZ INSURANCE COMPANY, the fictitious name of an unknown domestic or foreign general liability insurance company authorized to do and doing business at all times relevant hereto in the Parish of St. Tammany, State of Louisiana.

3.

The aforementioned Defendants are bound jointly, severally and *in solido* unto plaintiff herein in an amount fair and reasonable under the premises, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings, including attorney's fees for the reasons enumerated herein below.

4.

At all times pertinent hereto, Defendant, CENTURY SURETY COMPANY had in full force and effect a general liability policy of insurance under the terms of which Defendant(s); CLARION and/or CENTURY WILSHIRE, INC., was/were the named insured and which afforded commercial general liability insurance coverage, for the acts and omissions of said defendant(s) made the basis of this lawsuit. The precise terms and numbers embodied in said policy or

policies of insurance are incorporated herein by reference and specifically pled herein as if set forth in extenso.

5.

At all times pertinent hereto, Defendant, ABC INSURANCE COMPANY, had in full force and effect a general liability policy of insurance under the terms of which Defendant(s), CLARION and/or CENTURY WILSHIRE, INC., was/were the named insured and which afforded commercial general liability insurance coverage, for the acts and omissions of said defendant(s) made the basis of this lawsuit. The precise terms and numbers embodied in said policy or policies of insurance are incorporated herein by reference and are specifically pled herein as if set forth in extenso.

6.

At all times pertinent hereto, Defendant, XYZ INSURANCE COMPANY, had in full force and effect an officers and directors liability policy of insurance under the terms of which Daniel J. Gaul, an employee of CLARION, was the named insured and/or which otherwise afforded officer and director liability insurance coverage, for the acts and omissions of said defendant made the basis of this lawsuit. The precise terms and numbers embodied in said policy or policies of insurance are incorporated herein by reference and specifically pled herein as if set forth in extenso.

7.

CENTURY SURETY COMPANY, ABC INSURANCE COMPANY and XYZ INSURANCE COMPANY are made Defendants herein directly pursuant to the provisions of LSA-R.S. 22:1269, et seq., the Louisiana Direct Action Statute.

8.

On December 16, 2013 Plaintiff, Marie Hesser, came down with her grandson to visit her family in Mandeville, Louisiana and checked in at the Clarion Inn and Suites located at 501N.

Highway 190, Covington, Louisiana.

9.

During her stay at the Clarion Inn and Suites Plaintiff, Marie Hesser, was at times in the restaurant, the indoor recreational facility, bathrooms, lobby and otherwise in close proximity to high volume air-conditioning (14-vAc) systems, cooling towers, steam generators, nebulizers, swimming pools, hot tubs, water fountains and/or other vapor mist producing systems, equipment and/or other instrumentalities that were and continue to be under the exclusive care, custody, control, supervision, management and possession of Daniel J. Gaul, CLARION, and/or CENTURY WILSHIRE, INC.

10.

Plaintiff further avers that at all times relevant hereto said hotel and conference facility was owned, managed and/or operated by Daniel J. Gaul, employee of the Clarion, Defendant(s) CLARION, and/or CENTURY WILSHIRE, INC., and said Defendant(s) were charged with the duty to maintain, mitigate, monitor, inspect, remediate, and/otherwise prevent foreseeable hazardous conditions such as exposure of patrons, guests, and the general public to legionella bacteria.

11.

At all times relevant hereto both prior to and since December 16, 2012, Daniel J. Gaul was the manager of the Clarion Inn and Suites at issue herein located in Covington, Louisiana and had an affirmative duty to protect the public and guests of said facility as described herein below and negligently failed to do so.

12.

Daniel J. Gaul's actions in failing to adequately, timely and appropriately test the hot tub, HVAC system and other potential sites for the proper ph and other conditions that

would have prevented the presence of the legionella bacteria resulted in a foreseeable danger and potentially fatal condition of the premises for the general public and guests of said facility, as well as injury to Plaintiff, Marie Hesser.

13.

Through no fault of her own and without warning of any kind, Plaintiff, Marie Hesser, was exposed to a known hazardous condition, namely Legionella bacteria, that was present at said hotel and conference facility for a period of time sufficient to place Defendant(s) CLARION and/or CENTURY WILSHIRE, INC., on constructive notice of said hazardous condition.

14.

Plaintiff further alleges that Daniel J. Gaul and Defendant(s), CLARION and/or CENTURY WILSHIRE, INC., had actual notice of said hazardous condition and the presence of Legionella bacteria on the premise and negligently, willfully and/or with reckless indifference for the safety of Plaintiffs and the general public failed to disclose, remediate or warn of said hazardous condition that caused damages to Plaintiff, Marie Hesser.

15.

Plaintiff further alleges that Daniel J. Gaul and defendant(s), CLARION and/or CENTURY WILSHIRE, INC., are responsible for the acts and/or omissions of their employees, representatives and/or other individuals for whom they are vicariously liable in failing to follow established procedures, protocols, inspections and monitoring set forth by defendant(s) to prevent the foreseeable presence of Legionella bacteria in the hotel and conference facility.

16.

Specifically, Plaintiff avers that the acts and/or omissions of Daniel J. Gaul and Defendant(s), CLARION and/or CENTURY WILSHIRE, INC., constitute, gross wanton and willful neglect for the sake of monetary savings failed to eradicate, detect, and/or prevent the

existence of the legionella bacteria from harming Plaintiff, Marie Hesser, and others similarly situated.

17.

Plaintiff sustained foreseeable personal injuries as the result of the presence of Legionella a known hazardous substance and condition and toxic bacteria, Legionella, that at all times relative hereto was on the premise of the said hotel and conference facility.

18.

Plaintiff avers that the Legionella bacteria is known to cause severe and debilitating injury and/or death to persons exposed to same and is a preventable condition when proper and safe practices for cleaning, inspecting, monitoring, eradicating and/or remediating of the HVAC system, ventilation systems, pools, hot tubs, water fountains, cooling towers, steam generators, nebulizers, and/or other vapor mist producing systems, equipment and/or other instrumentalities are performed on the premise in a pre-established, consistent and routine manner; furthermore the nature of the baterial substance at issue is a danger to the health and safety of the public and determination of the point source is critical not only to meet Plaintiff's burden of proof in this lawsuit, but is also critical for the public health and safety.

19.

Further, Daniel J. Gaul and Defendant(s), CLARION and/or CENTURY WILSHIRE, INC.'s failure to timely warn Plaintiff of the presence of the Legionella bacteria, a known hazardous substance, deprived Plaintiff, Marie Hesser, of the opportunity to take the steps to protect her person and avoid serious illness.

20.

Plaintiff avers that Daniel J. Gaul and Defendant(s), CLARION and/or CENTURY

WILSHIRE, INC., negligently, willfully and wantonly failed to warn and/or inform individuals such as Plaintiff, Marie Hesser, who was at particular risk of contracting disease and illness from exposure to the Legionella bacteria because of advanced age, compromised physical condition and/or compromised immune system during the time period relative to December 16, 2012 so that she might relate her illness, respiratory dysfunction and other symptoms to said exposure.

21.

Daniel J. Gaul and Defendant(s), CLARION and/or CENTURY WILSHIRE, INC., negligently failed to take reasonable steps to timely warn, inform and/or notify the Louisiana Department of Health and Hospitals, and/or any other State, Federal or local governmental agencies, departments and/or entities responsible for public safety, health and welfare upon discovery of the presence or potential for the presence of the Legionella bacteria on its premise that posed a danger to the public.

22.

Said grossly negligent acts and/or omissions of Daniel J. Gaul and Defendant(s), CLARION and/or CENTURY WILSHIRE, INC., prevented Plaintiff from being tested for the presence of the Legionella bacteria in her system and advising her healthcare providers so that appropriate and reasonable steps to treat the condition and prevent exacerbation of symptoms of Plaintiff, Marie Hesser.

23.

Said grossly negligent acts and/or omissions of Daniel J. Gaul and Defendant(s), CLARION and/or CENTURY WILSHIRE, INC., deprived Plaintiff, Marie Hesser, of the opportunity to obtain timely, aggressive and appropriate medical care that was unknown to Plaintiff at times relevant hereto and warranted under the circumstances; said acts and/or

omissions listed herein resulted in the injures and/or illness of Plaintiff, Marie Hesser.

24.

Plaintiff, Marie Hesser, sustained personal injuries including but not limited to respiratory dysfunction, illness, fever, exacerbation of preexisting physical conditions, emotional distress, fear, worry and anxiety.

25.

Specifically, Plaintiff avers that the proximate cause of her personal injuries were the cause in fact of the following non-exclusive acts and/or omissions of Daniel J. Gaul and Defendant(s), CLARION and/or CENTURY WILSHIRE, INC., that constitute liability and personal injury under Louisiana law:

    A.    Negligently failing to test I-IVAC systems, ventilation systems, water fountains, pools, hot tubs, cooling towers, steam generators, nebulizers, swimming pools, hot tubs, water fountains and/or other vapor mist producing systems, equipment and/or other instrumentalities for the Legionella bacteria a known and foreseeable hazard on the premise;

    B.    Remove and/or relocate facilities, systems and equipment that posed an unreasonable and unwarranted risk of hazards from the development of the Legionella bacteria;

    C.    Negligently failing to warn or advise of the presence or potential presence of the Legionella bacteria under the circumstances;

    D.    Willfully and wantonly misleading the plaintiffs after it was suspected that the Legionella bacteria was present at the hotel premise;

    E.    Misleading Plaintiff after it was suspected that the Legionella bacteria was present at the hotel premise;

F.  Negligently failing to adequately inspect and maintain the premise in a reasonably safe fashion;

G.  Negligent failure to remedy the defect which caused the unreasonably dangerous condition;

H.  Negligent failure to hire competent employees;

I.  Failing to properly supervise and or train employees as to the risks of Legionella.

J.  Failure to develop and implement a safe and reasonable plan to prevent the presence of Legionella bacteria and/or prevent harm from same to guests, patrons and the general public; and

K.  For all other acts and/or omissions which shall be proven at the trial on the Merits of the matter herein.

26.

Daniel J. Gaul and Defendant(s), CLARION and/or CENTURY WILSHIRE, INC, did not warn and/or advise patrons, guests or the public of suspicions and/or the presence of the Legionella bacteria and in fact took affirmative steps to prevent said disclosure to the public.

27.

Alternatively, Plaintiff specifically pleads the doctrine of res ipsa loquitur.

28.

Upon information and belief, Daniel J. Gaul and Defendant(s), CLARION and/or CENTURY WILSHIRE, INC, willfully and wantonly took affirmative steps to prevent such disclosure or discovery of Legionella bacteria by removing the hot tub and/or taking other actions that would prevent detection of the hazardous substance after general suspicions were

raised before attempting to contact, warn, inform and/or notify the proper governmental agencies and/or the guests and the public of same.

29.

The acts and/or omissions of Daniel J. Gaul and Defendant(s) CLARION and/or CENTURY WILSHIRE, INC, caused further damages, emotional distress and uncertainty for the public at large and specifically for Plaintiff, Marie Hesser.

30.

Plaintiff, Marie Hesser, alleges she stayed at the Clarion Inn and Suites owned, operated and/or managed by Daniel J. Gaul and Defendant(s) CLARION and/or CENTURY WILSHIRE, INC, on or about December 16, 2012, and thereafter became extremely sick and her condition deteriorated to the point that she had to be hospitalized due to her exposure to the Legionella bacteria.

31.

Plaintiff alleges that the Defendants named herein are liable for the described incident and damages sustained by Plaintiff, Marie Hesser, in accordance with Louisiana law pertaining to negligence and failure to maintain its premise free of any hazards, vices defects or unreasonably dangerous conditions pursuant to Louisiana law; specifically the provisions of the following Louisiana Civil Code Articles are plead herein as if set forth in their entirety:

a)   LSA-C. C. 2315, et seq., negligence;

b)   LSA-C.C. 2317, et seq., strict liability;

c)   LSA-R.S. 9:2800.6 et seq., claims against merchants; and

d)   Any and all other statutes and laws that are supported by the allegations contained herein or proven at the trial on the merits.

32.

The damages sustained by Plaintiff is a result of the actions and/or omissions of Daniel J. Gaul and Defendant(s), CLARION and/or CENTURY WILSHIRE, INC, in the following, non-exclusive respects:

a) Medical Expenses;

b) Past emotional distress, fear and anxiety;

c) Past physical pain and suffering;

d) Past, present and future emotional distress, fear and anxiety of Plaintiff;

e) Past, present and future fear, anxiety and distress of Plaintiff;

f) All other damages which shall be proven at trial of this matter.

g) All other damages which shall be proven at trial of this matter.

33.

Inasmuch as the allegations contained in the foregoing paragraphs are inconsistent they are deemed to have been plead in the alternative.

WHEREFORE, Petitioner, Marie Hesser, respectfully prays that Defendants, CHOICE HOTELS INTERNATIONAL SERVICES CORP., doing business as CLARION INN AND SUITES, CENTURY WILSHIRE, INC., CENTURY SURETY COMPANY, ABC INSURANCE COMPANY and XYZ INSURANCE COMPANY be served with a copy of this Petition and be duly cited to appear and answer same and that after due proceedings are had, there be Judgment herein in favor of said Plaintiff, and against said Defendants in an amount fair and reasonable under the premises of this matter, plus legal interest thereon from the date of judicial demand until paid, plus all costs of the proceedings, attorney's fees and for all general and equitable relief amenable under the circumstances.

RESPECTFULLY SUBMITTED, this 1st day of July 2013.

                    /s/Paul A. Lea, Jr.
                    PAUL A. LEA, JR., La. Bar #18637
                    724 E. Boston Street
                    Covington, LA 70433-2910
                    E-Mail:      paul@paullea.com
                    Telephone:  (985) 292-2300
                    Telecopy:    (985) 249-6006
                    **Counsel for Plaintiff**